UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM ROBBINS, II,

    Plaintiff,

v.                              Case No. 8:13-cv-2949-T-33MAP

MAC FEDERAL CREDIT UNION
and BIG DAWG INVESTIGATIONS,
LLC,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant MAC Federal Credit Union's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 33), filed on April 8, 2014. On May 9, 2014, Plaintiff William Robbins, II filed a response in opposition to the Motion. (Doc. # 38). For the reasons stated below, the Court denies the Motion.

**I.**    **Background**

Robbins initiated this action against MAC and Big Dawg Investigations, LLC on November 14, 2013, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55, *et seq*. ("FCCPA"). (See Doc. # 1). On March 12, 2014, Robbins filed an Amended

Complaint setting forth the following counts: Violation of FCCPA against MAC (count I); Violation of FCCPA against Big Dawg (count II); Violation of FDCPA against Big Dawg (count III); and Intentional Infliction of Emotional Distress against Big Dawg (count IV). (See Doc. # 25). According to the Amended Complaint, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332. (Id.).

On April 8, 2014, MAC filed the instant Motion pursuant to Fed. R. Civ. P. 12(b)(1), alleging that Robbins's Amended Complaint fails to establish this Court's jurisdiction over MAC. (Doc. # 33). Robbins filed a response in opposition to the Motion on May 9, 2014. (Doc. # 38). This Court has reviewed the Motion and the response thereto, and is otherwise fully advised in the premises.

## II. Legal Standard

Federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292,

1299 (11th Cir. 2001). Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).

A facial attack on the complaint requires "the court merely to look and see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)(quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)). Factual attacks, in comparison, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings. . . ." Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(quoting Lawrence, 919 F.2d at 1529). When the jurisdictional attack is factual, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo, 175 F.3d at 960. Because the very power of the Court to hear the case is at issue, the Court is free to weigh evidence outside the four corners of the complaint. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982).

**III. Analysis**

In its Motion, MAC contends that Robbins's Amended Complaint fails to establish that this Court has jurisdiction over MAC. (Doc. # 33 at 2). Specifically, MAC submits that there is no federal question arising under 28 U.S.C. § 1331 relating to MAC as the only claim brought against MAC is for a violation of state statutory law. (Id. at 2-3). Furthermore, MAC posits that Robbins's Amended Complaint fails to sufficiently allege diversity jurisdiction under 28 U.S.C. § 1332 as the Amended Complaint is devoid of any amount in controversy, much less the $75,000.00 requirement of 28 U.S.C. § 1332. (Id. at 3). The Court notes, however, that in his response in opposition, Robbins concedes that there is a lack of complete diversity in this case, "thus making it ineligible for diversity jurisdiction." (Doc. # 38 at 1). Specifically, Big Dawg and Robbins are citizens of Florida. (Id.). Therefore, Robbins submits that the Court's jurisdiction is limited to federal question jurisdiction pursuant to 28 U.S.C. § 1331, and accordingly, the Court will limit its analysis to such.

Pursuant to 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Upon review, the Court finds that it

4

has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 as count III of this action, against Big Dawg, raises a federal question in the form of a claim brought under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*.

>Furthermore, 28 U.S.C. 1367(a) states:
>
>(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, **in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.** Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a)(emphasis added). "Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 558 (2005).

The Court finds that the claims asserted against MAC are "so related" to the claims against Big Dawg "that they form part of the same case or controversy." Namely, in the Amended Complaint, Robbins alleges that MAC and Big Dawg

entered into a contractual relationship where Big Dawg would collect debts for MAC (Doc. # 25 at ¶ 12), and that "MAC caused approximately fifteen (15) calls, by and through their third party collector, Big Dawg, to be place to [Robbins's] cellular telephone and his relatives['] telephone lines" (<u>id.</u> at 42). As stated by Robbins, "While there are references in the complaint to comparatively minor abuses committed directly by MAC . . ., the 'meat' of [Robbins's] FCCPA claims against MAC . . . are focused on [MAC's] control over the activities of Big Dawg and the unconscionable abuse that occurred while Big Dawg was acting under that control." (Doc. # 38 at 3). Accordingly, this Court finds that it has supplemental jurisdiction over the claim alleged against MAC, even though it only raises a violation of state law. Therefore, the Court denies MAC's Motion.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant MAC Federal Credit Union's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 33) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>28th</u> day of May, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

6

Copies: All Counsel of Record